UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-08423 JAK (JPRx) | Date | December 20, 2023 |
| Title | Aram Akobdzhanyan v. Mercedes-Benz USA, LLC et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR AN ORDER REMANDING ACTION (DKT. 11)

**JS-6**

### I.  Introduction

On August 31, 2023, Aram Akobdzhanyan ("Plaintiff") filed this action in the Los Angeles Superior Court against Mercedes-Benz USA, LLC ("MBUSA" and "Defendant") and Does 1-50 (collectively, "Defendants"). Dkt. 1. On September 6, 2023, Plaintiff amended the complaint to designate Doe 41 as Mercedes-Benz of Beverly Hills. Dkt. 11-1 at 2. On October 5, 2023, Defendant removed the action. Dkt. 1 at 1. On October 25, 2023, Plaintiff filed a Motion for an Order Remanding Action (Dkt. 11, the "Motion to Remand"). On November 8, 2023, Defendant filed a Non-Opposition to Plaintiff's Motion to Remand (Dkt. 13, the "Non-Opposition") conceding that remand is proper, but contesting Plaintiff's request for attorney's fees. On November 15, 2023, Plaintiff filed a Reply (Dkt. 14, the "Reply"). Accordingly, the only remaining issue raised by the Motion to Remand is whether attorney's fees should be awarded to Plaintiff against Defendant.

A hearing on the Motion to Remand was scheduled for December 11, 2023. Pursuant to Local Rule 7-15, a determination was made that it could be decided without oral argument, and the matter was taken under submission.

For the reasons stated in this Order, the Motion to Remand is **GRANTED-IN-PART**. The action is remanded to the Los Angeles Superior Court, at its Stanley Mosk Courthouse, Case No. 23STCV21082. The request for attorney's fees is **DENIED**.

### II.  Analysis

#### A.  Legal Standards

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has rejected the contention "that attorney's fees should be awarded automatically on remand, or that there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08423 JAK (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | Aram Akobdzhanyan v. Mercedes-Benz USA, LLC et al. | | |

should at least be a strong presumption in favor of awarding fees." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Similarly, the Supreme Court saw "nothing to persuade [it] that fees under § 1447(c) should either usually be granted or usually be denied." *Id*. at 139. Therefore, "the standard for awarding fees should turn on the reasonableness of the removal." *Id*. at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. However, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. "For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." Id.

Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The conference must take place at least seven days before filing the motion. *Id*. The purpose of Local Rule 7-3 is to give all parties a full understanding of the disputes at issue and to "foster the informal resolution of disputes without court intervention." *Stewart v. San Luis Ambulance, Inc.*, No. LA-CV 13-09458-BRO (SSx), 2015 WL 12681650, at *1 (C.D. Cal. Aug. 7, 2015). Under Local Rule 83-7, a violation of Local Rules may result in "the imposition of costs and attorneys' fees" if the "the conduct rises to the level of bad faith and/or a willful disobedience of a court order." Local Rule 83-7(b).

    B.    Application

As noted, Defendant does not oppose the remand of this action to the Superior Court. It concedes that the addition of Mercedes-Benz of Beverly Hills destroyed diversity jurisdiction. Dkt. 13 at 2. Also as noted, Defendant does contest Plaintiff's request for an award of attorney's fees. *Id*. Defendant states that neither MBUSA nor defense counsel was served in the Los Angeles Superior Court proceedings with notice of Plaintiff's amendment to the complaint in which Mercedes-Benz of Beverly Hills was added in the place of Doe 41. *Id*. Defendant contends that Plaintiff's failure to serve it was the reason for the mistaken removal on the basis of diversity jurisdiction. Thus, Defendant contends that it only learned of the amended complaint and the addition of Mercedes-Benz of Beverly Hills when Plaintiff filed the Motion to Remand. *Id.* Defendant states that, upon learning of the new defendant, it immediately drafted a stipulation to remand, but Plaintiff refused to agree unless there was an agreement to pay Plaintiff's attorney's fees associated with the Motion to Remand. *Id*.

Plaintiff responds that it was Defendant's burden to prove the necessary elements to support removal, and that they should have conducted a reasonable inquiry to discover the amendment prior to removing the matter, notwithstanding the absence of the service of the amended complaint. Dkt. 14 at 6. Plaintiff also notes that MBUSA has previously been ordered to pay fees for failing to confirm all named defendants prior to filing a notice of removal. *Id*. at 7. *See* Order Granting Motion to Remand, *Mirna Flamenco v. Mercedes-Benz USA, LLC et al.*, No. 8:22-cv-00082-DOC-KES (C.D. Cal. Feb. 28, 2022), Dkt. 38 ("It is 'objectively unreasonable' not to determine if all of the parties are diverse before removing a case to federal court on the basis of diversity jurisdiction"). Plaintiff's counsel also states that Defendant's counsel was unresponsive to requests to meet and confer prior to the filing to the Motion, which might have also prevented the present dispute. Dkt. 11 at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08423 JAK (JPRx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | Aram Akobdzhanyan v. Mercedes-Benz USA, LLC et al. | | |

Defense counsel responds that they did attempt to set up a call, that Plaintiff was not forthcoming about the amendment to the complaint in their emails requesting a telephonic conference and that Plaintiff did not attempt to follow up for several weeks prior to filing the Motion to Remand. Dkt. 13 at 3, 5-6.

As stated in *Flamenco*, Defendant should have investigated diversity at the time of removal, which could have included a review of the docket in the Superior Court proceedings that would have shown the amended complaint. Furthermore, Defense counsel could have responded to each of the emails from Plaintiff's counsel about a potential meet and confer as to the anticipated Motion to Remand. Although Defendant should have been more diligent, it is not solely responsible. Plaintiff's counsel should have served Defendant and its counsel with the amended complaint. They could also have stated that the complaint had been amended to add Mercedes-Benz of Beverly Hills in the emails that were sent to Defendant's counsel. Had they done so, the present dispute, which primarily arises from the cost of filing the Motion to Remand, would very likely have been avoided. Viewing the record as a whole, there is not a sufficient basis to conclude that Defendant acted in a sufficiently unreasonable manner, i.e., by not discovering that Doe 41 had been substituted for Mercedes-Benz of Beverly Hills, to warrant an award of attorney's fees to Plaintiff or the imposition of other sanctions.

For the reasons stated in this Order, the Motion to Remand is **GRANTED-IN-PART**. The action is remanded to the Los Angeles Superior Court, at its Stanley Mosk Courthouse, Case No. 23STCV21082. The request for an award of attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | tj |